Hamilton, Circuit Judge, concurring.
I join the court's opinion in all respects. I write separately to highlight the interplay of Rule of Professional Conduct 4.2 and the demanding pleading standards adopted in the Private Securities Litigation Reform Act, and in particular the role of "confidential sources" in pleading a securities fraud case. The arguments in this case highlight the need for courts to avoid restricting or punishing plaintiffs' attorneys and investigators from contacting a wide range of current or former employees of a company they are considering suing.
This case arose in Wisconsin, where Kohl's has its headquarters. As adopted by the Wisconsin Supreme Court, Rule of Professional Conduct 4.2(a) provides:
In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.
When a lawyer's client is adverse to an organization, such as a corporation like Kohl's, Rule 4.2(a) governs that lawyer's efforts to obtain information directly from current employees, officers, or directors of the adverse organization, without involving or obtaining consent from counsel for the organization. For those issues, however, the text of the rule does not offer much *943 guidance. Comment 7 addresses that problem:
In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability . Consent of the organization's lawyer is not required for communication with a former constituent. If a constituent of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. Compare Rule 3.4(f). In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization. See Rule 4.4. (Emphasis added.)
Rule 4.2(a) and comment 7 can be central to plaintiffs' ability to plead a viable claim for securities fraud under the PSLRA. As a practical matter, the PSLRA requires plaintiffs' lawyers to conduct extensive pre-complaint investigations. They must investigate without the help of formal discovery tools. As a result, information provided voluntarily by current or former employees may be helpful or even essential for plaintiffs trying to allege fraud, and especially fraudulent scienter, with sufficient particularity. See, e.g., Makor Issues & Rights, Ltd. v. Tellabs Inc ., 513 F.3d 702, 711 (7th Cir. 2008) ; In re Daou Systems, Inc ., 411 F.3d 1006, 1015-16 (9th Cir. 2005) (reversing in part dismissal where plaintiffs relied on confidential information from current employees and provided sufficient detail); Novak v. Kasaks , 216 F.3d 300, 313-14 (2d Cir. 2000) (plaintiffs did not need to identify confidential sources in complaint).[1]
Before filing a complaint, plaintiffs' lawyers have no way to compel testimony from the prospective defendant's employees, current or former. Subject to Rule 4.2(a), however, they can reach out to former and current employees and seek information from those willing to provide it voluntarily. Such information can sometimes be critical in defeating a motion to dismiss a complaint. See Tellabs , 513 F.3d at 711-12 (reversing dismissal).
On the other hand, when the plaintiffs' lawyers have not obtained information from the defendant's current or former employees, courts can expect the defendant to highlight that point. Kohl's has done just that here, in its brief (pages 3 and 23) and in oral argument.
Fair enough. Plaintiffs are not required to plead information from confidential sources, but they can certainly help build a case, as defense counsel understand very well.
What prompts this concurrence are the problems that can arise when aggressive lawyers for the corporation or other organization try to stretch the coverage of Rule 4.2(a) and its comment 7 to deter or prohibit plaintiff's counsel from contacting broad groups of current employees in search of such supporting information. Cf.
*944 Weibrecht v. Southern Illinois Transfer, Inc. , 241 F.3d 875, 881 (7th Cir. 2001) (analyzing pre-amendment version of Rule 4.2, affirming district court finding that plaintiff's counsel violated rule by contacting captain of defendant's tugboat, but vacating sanction of dismissal with prejudice). It is not my purpose to provide a treatise on this subject, and results may vary from state to state. Nor do we have any indication of such overreach in this case.
Given the potential importance of such information from current or former employees more generally, my purpose is simply to caution courts and lawyers that Rule 4.2(a) and comment 7 were amended in 2002 to allow lawyers to contact directly broader categories of employees or other constituents of adverse organizations. These considerations can apply in a wide range of cases, of course. Parties often have trouble paying for formal depositions of potential witnesses. Such access may be especially important in cases covered by the PSLRA. Proof of scienter focuses on the most senior officers of the defendant, but many lower-level employees are likely to have relevant information in cases with viable claims for fraud. Undue restriction of access to those employees or other constituents can also lead to reversal of favorable judgments. See, e.g., Palmer v. Pioneer Inn Assoc., Ltd ., 338 F.3d 981 (9th Cir. 2003) (ordering new trial in employment discrimination case).[2]

As the cited cases indicate, such current or former employees often ask for confidentiality, at least as long as it can be maintained legally. The securities laws provide employees with protection against retaliation for providing information about suspected securities fraud, see 18 U.S.C. § 1514A(a), but the statute is relatively narrow. Also, the prospect of a right to file a lawsuit offers only limited comfort to employees who might risk their jobs by helping others pursue a lawsuit against their employer.

Other courts and authorities have addressed these problems in more depth. See, e.g., Goswami v. DePaul University , 8 F.Supp.3d 1004 (N.D. Ill. 2014) ; Snider v. Superior Court , 113 Cal.App.4th 1187, 7 Cal.Rptr.3d 119 (2003) (granting writ of mandamus to vacate sanctions imposed for permissible contacts with adverse corporation's current employees); Wagner v. City of Holyoke , 183 F.Supp.2d 289 (D. Mass. 2001) (applying rule before amendment of comment); Burt & Cook, Ethical Considerations concerning Contacts by Counsel or Investigators with Present and Former Employees of an Opposing Party , 38 St. Mary's L. J. 963 (2007) ; Wis. Ethics Opinion E-07-01 (see particularly the helpful discussion of reasons for 2002 amendments to comment).